UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WALTER HERNANDEZ, SR.,

    Plaintiff,

v.                                              Case No. 5:21-cv-190-TKW/MJF

UNITED STATES OF AMERICA, *et al.*,

    Defendants.
                                    /

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, commenced this civil action against the United States and two Bureau of Prisons ("BOP") employees pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). Doc. 16 at 8. The facts as presented in Plaintiff's second amended complaint fail to state a facially plausible claim for relief against the United States. Furthermore, Plaintiff has affirmatively misrepresented his prior litigation history, which constitutes an abuse of the judicial process. The undersigned, therefore, recommends that Plaintiff's claim against the United States be dismissed with prejudice and his claims against the two BOP employees be

dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for maliciousness.[1]

## I. BACKGROUND

These facts set forth below are taken from Plaintiff's second amended complaint and for purposes of this report and recommendation are presumed to be true. Plaintiff is a 78-year-old man who is in poor physical health. Doc. 16 at 7. On November 6, 2018, Defendants Damar Loftton and Robert Horton transported Plaintiff from FCI Yazoo to an outside medical facility in Yazoo City, Mississippi.[2] *Id.* at 6. Horton and Loftton secured Plaintiff using shackles and arm restraints, including a "black box" wrist restraint. *Id.* at 7. After the medical appointment at the outside facility concluded, Loftton and Horton were responsible for returning Plaintiff to FCI Yazoo. Loftton and Horton parked the transport van on flat cement and ordered Plaintiff to get in. *Id.*; Doc. 4 at 7. Neither Loftton nor Horton offered any physical assistance to Plaintiff as he was attempting to enter the van.

Due to the restraints and where the vehicle was parked, Plaintiff lost his footing as he attempted to step onto the van's sideboard. Doc. 16 at 7. Plaintiff fell

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

[2] Plaintiff inconsistently spells the surname as "Loftton" and "Lofton." Doc. 16.

and landed on his right shoulder with his arm under his body. Doc. 4 at 7. Plaintiff suffered an injury to his right arm, shoulder, wrist, and arm. Doc. 16 at 8. He asserts that Loftton and Horton were deliberately indifferent to a substantial risk of harm in violation of the Eighth Amendment. *Id.* at 5. Plaintiff also alleges that the United States was deliberately indifferent to a substantial risk of harm in violation of the Eighth Amendment. *Id.* at 6.

## II. Discussion

### A. Standard Under Rule 12(b)(6)

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient. *Id.* The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Mere conclusory and vague allegations are insufficient to state a claim, however. *See L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Similarly, a formulaic recitation of the elements of a claim are insufficient. *Twombly*, 550 U.S. at 555.

B.     **Screening for Maliciousness**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint

to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

C.     **Plaintiff's Eighth-Amendment Claim Against the United States**

Sovereign immunity shields the federal government and its agencies from suit in the absence of an express waiver. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). The FTCA waives the United States' sovereign immunity with respect to tortious conduct by federal employees that would give rise to liability under *state tort law*. *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986); *see Denson v. United States*, 574 F.3d 1318, 1336 (11th Cir. 2009). Thus, an essential element of an FTCA claim is a state tort cause of action. *See Zelaya*, 781 F.3d at 1324. In contrast, "constitutional torts are not based on state law." *McCollum*, 794 F.2d at 608. Accordingly, federal constitutional torts—such as an Eighth-Amendment claim of deliberate indifference to a substantial risk of harm—are not cognizable under the FTCA. *Meyer*, 510 U.S. at 477-78; *Shivers v. United States*, 1 F.4th 924, 928 (11th Cir. 2021); *McCollum*, 794 F.2d at 608. Rather, constitutional tort claims must be brought pursuant to *Bivens*. *Meyer*, 510 U.S. at 485; *Shivers*, 1 F.4th at 928.

Under *Bivens*, however, a plaintiff's only remedy "lies against the individual" officers and does not extend to federal agencies or the United States. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *Meyer*, 510 U.S. at 485. "*Bivens* authorizes suits against individual federal officials, not against the United States."

*McCollum*, 794 F.2d at 608; *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (noting that the United States is immune from liability under *Bivens*).

Here, Plaintiff purports to assert an FTCA claim against the United States. Doc. 16 at 8. The only tort that Plaintiff expressly identifies in his second amended complaint is an Eighth-Amendment claim of deliberate indifference to a serious risk of harm. *Id.* at 7. Because an Eighth-Amendment claim against the United States is not cognizable under the FTCA or *Bivens*, Plaintiff's Eighth-Amendment claim against the United States must be dismissed. *Meyer*, 510 U.S. at 478; *McCollum*, 794 F.2d at 608.

D.     **Plaintiff's Complaint Should Be Dismissed as Malicious**

The undersigned also recommends dismissal of Plaintiff's claims for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

1.     *Plaintiff's Disclosures*

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation in federal court that either challenged his conviction or otherwise related to the conditions of his confinement. Doc. 16 at 9-12. The complaint form advises that "**Failure to disclose all prior cases may result in the dismissal of this case.**" *Id.* at 12.

On page 9 of the complaint form, Question A asks, "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" *Id.* at 10; *see* Doc. 4 at 11. Plaintiff responded "Yes," and disclosed the present case: *Hernandez v. United States*, No. 5:21-cv-190-TKW-MJF (N.D. Fla. Sept. 15, 2021). Doc. 16 at 10. Plaintiff disclosed no other cases. *Id.*; *see* Doc. 4 at 11.

On page 9 of the complaint form, Question B asks, "Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issue involved in this case?" Doc. 16 at 10; Doc. 4 at 11. Plaintiff responded, "No." He did not disclose any cases. Doc. 16 at 10; Doc. 4 at 11.

On page 10 of the complaint form, Question C asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" Doc. 16 at 11; Doc. 4 at 12. Plaintiff responded, "No" and did not disclose any cases. Doc. 16 at 11; Doc. 4 at 12.

At the end of the civil-rights complaint form, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." Doc. 16 at 13; Doc. 4 at 13. Thus, Plaintiff twice represented to this court that he had never filed any other case in federal court.

## 2. *Plaintiff's Omissions*

The undersigned takes judicial notice that, when Plaintiff filed his complaint, his first amended complaint, and his second amended complaint, Plaintiff had initiated several prior lawsuits in federal court, including the following four cases:

- *Hernandez v. Reno*, 1:99-cv-2227-SH, Doc. 4 (S.D. Fla. Sept 17, 1999), a civil-rights action filed pursuant to 42 U.S.C.§ 1983 alleging a conspiracy by both state and federal officials to wrongfully convict Plaintiff. This case was dismissed without prejudice because it was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

- *Hernandez v. Gallegos*, 5:04-cv-3344-MLB, Doc. 45 (D. Kan. June 20, 2006), a civil-rights action filed pursuant to *Bivens* asserting that the BOP violated Plaintiff's constitutional rights because it allowed inmates to smoke inside USP Leavenworth and Plaintiff was housed with a known smoker for nine months. This case was dismissed for failure to exhaust administrative remedies.

- *Hernandez v. Gallegos*, 5:07-cv-3004-SAC, Doc. 14 (D. Kan. July 30, 2008), a civil-rights complaint seeking damages for his exposure to secondhand smoke while incarcerated at USP Leavenworth. This case was dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

- *Hernandez v. Warden, USP Yazoo City*, 3:19-cv-266-KHJ-FKB, Doc. 1 (S.D. Miss. Apr. 17, 2019), a section 2241 habeas petition challenging his conviction and asserting he is "actually innocent of criminal conduct." As of the date of this report and recommendation, the case remains pending.

These cases are attributable to Plaintiff insofar as they bear his BOP inmate number: 47996-004. Although Plaintiff should have disclosed these cases in response to Questions A and C on the complaint forms, Plaintiff did not disclose these civil

actions in any of his complaints. Docs. 1, 4, 16. Plaintiff's omissions, therefore, violated his duty of candor to the District Court.

### 3. *The Materiality of Plaintiff's Omissions*

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent

single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that he was required to disclose all prior lawsuits that were dismissed as a strike and all actions filed in federal court that either challenged his conviction or otherwise related to the conditions of his confinement. Doc. 16 at 12. The complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the***

***dismissal of this case.***" *Id.* Additionally, the undersigned also advised Plaintiff that he was required to "completely fill out a new civil rights complaint form, including the section relating to his prior litigation" and warned Plaintiff that "[t]he failure to disclose honestly and completely prior litigation may result in dismissal of this action." Doc. 11 at 15 n.8.

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### 4.    *The Appropriate Sanction is Dismissal Without Prejudice*

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, at *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-

plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

District courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because plaintiff will be unable to refile his action. *Id.*; *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). A district court may dismiss a complaint on maliciousness grounds when the statute of limitations has run if: (1) the Plaintiff's omission was done in bad faith and (2) no lesser sanctions will suffice to correct such conduct. *Bell v. Finch*, No. 20-12772-B, 2020 WL 10506767, at *1 (11th Cir. Dec. 2, 2020); *Stephenson*, 554 F. App'x at 837 (noting that dismissal is appropriate if there is a record of delay or willful misconduct).

### (a). **Plaintiff's *Bivens* Claims Would not be Barred by the Statute of Limitations**

The statute of limitations for claims under *Bivens* in Florida is four years. *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1229 (11th Cir. 2016). The incident giving rise to Plaintiff's claims occurred on November 6, 2018. Doc. 16 at 5. Thus, the statute of limitations likely would not bar Plaintiff from refiling his

*Bivens* action in the near future. *See Jones v. Szalai*, 778 F. App'x 847, 848 (11th Cir. 2019) (affirming district court's dismissal without prejudice when the Plaintiff "had approximately one month to refile his suit before the running of the statute of limitations").

### (b). Plaintiff's FTCA Claims Would be Barred by the Statute of Limitations

Under the FTCA, "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless the action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); *McCullough v. United States*, 607 F.3d 1355, 1358 (11th Cir. 2010).

On March 17, 2021, the Southeast Regional Office of the Federal BOP mailed Plaintiff a notice of final decision denying his claim. Doc. 1-1 at 3. Plaintiff had six months from the mailing of the letter to file suit in an appropriate United States District Court. *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001). Thus, the statute of limitations for his FTCA claims expired in November 2021. The statute

of limitations, therefore, would bar Plaintiff from refiling his FTCA claim. The record, however, supports a finding of delay and willful misconduct.[3]

Here, Plaintiff was directed three times—twice on the complaint form, and once by the undersigned—to provide his entire litigation history. Doc. 4 at 11; Doc. 11 at 15 n.8; Doc. 16 at 12. Despite these clear and unambiguous directions, Plaintiff affirmatively stated he did not file any prior civil cases. Docs. 1, 4, 16. As demonstrated above, that assertion is false. Indeed, Plaintiff filed *Hernandez v. Warden, USP Yazoo City*, 3:19-cv-266-KHJ-FKB (S.D. Miss. Apr. 17, 2019), on April 17, 2019. He filed the instant "Motion to Appeal Denied Tort Claim" on September 15, 2021. Doc. 1. Thus, Plaintiff clearly knew that he had recently filed a civil action in federal court that he should have disclosed. Plaintiff's affirmative misrepresentation that he never filed any prior lawsuit weighs in favor of dismissing the instant action without prejudice on maliciousness grounds. *See Hines v. Thomas*, 604 F. App'x 796, 801 (11th Cir. 2015) (noting that one factor weighing against dismissal was that the plaintiff had listed several prior lawsuits and acknowledged that he may have filed more).

It also is relevant that Plaintiff has accrued three-strikes under the PLRA and failed to disclose this fact to the court. *Sprires*, No. 3:00-cv-249-RH (Order of

---

[3] Additionally, as discussed above, Plaintiff's FTCA claim is subject to dismissal for failure to state a claim upon which relief can be granted.

Dismissal) (noting that information regarding a plaintiff's litigation history is useful as "it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the 'three strikes' provision of the [PLRA]"). When a prisoner is a three-striker, he "must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff, however, did not pay the filing fee simultaneously with submitting his complaint as required. In fact, he did not submit payment of the fee until sixty days after he initiated this suit. Docs. 1, 8.

For all these reasons, the record supports a clear finding of delay and willful misconduct.

### (c). No Lesser Sanctions Would Suffice

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006).[4] Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff

---

[4] Plaintiff already received two opportunities to amend his complaint. The undersigned also advised Plaintiff that he was required to disclose completely and honestly his prior litigation and that the failure to do so could result in dismissal of this action. Doc. 11 at 15 n. 8. Despite two opportunities and several warnings that his case could be dismissed for failing to disclose his litigation history, Plaintiff failed to disclose all of his relevant previous litigation in any of his complaints.

or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

Therefore, in light of Plaintiff's affirmative misrepresentation regarding his litigation history and because no lesser sanction would be effective at deterring future misrepresentations, the undersigned recommends dismissal of the second amended complaint as malicious.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's Eighth-Amendment claim against the United States be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted.

2. Plaintiff's Eighth-Amendment claims against Loftton and Horton be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915A(b)(1), for abuse of the judicial process.

3. The clerk of the court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 22nd day of February, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**